JOHN-ANDERSON L. MEYER 8541
DANIEL J. CHENG  10194

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI  96813
Telephone:   808 524 1800
Facsimile:    808 524 4591
Email: john-anderson.meyer@dentons.com
          daniel.cheng@dentons.com

Attorneys for Defendants
LONGS DRUG STORES, L.L.C.
and LONGS DRUG STORES
CALIFORNIA, L.L.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| STEVE D. MOZINGO,<br><br>Plaintiff,<br><br>vs.<br><br>LONGS DRUGS; LONGS DRUG STORES CALIFORNIA, L.L.C.; CVS PHARMACY; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS LONGS DRUG STORES, L.L.C. AND LONGS DRUG STORES CALIFORNIA, L.L.C.'S NOTICE OF REMOVAL; DECLARATION OF MELANIE K. LUKER; DECLARATION OF JOHN-ANDERSON L. MEYER; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE** |

# DEFENDANTS LONGS DRUG STORES, L.L.C. AND LONGS DRUG STORES CALIFORNIA, L.L.C.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Longs Drug Stores, L.L.C.[1] and Longs Drug Stores California, L.L.C. ("Defendants"), by and through their attorneys Dentons US LLP, hereby remove this action from the Circuit Court of the Third Circuit of the State of Hawai`i to the United States District Court for the District of Hawai`i. In support of removal, Defendants state as follows:

## I. PROCEDURAL BACKGROUND

On May 29, 2020, Plaintiff Steve D. Mozingo ("Plaintiff"), filed his Complaint, Jury Demand, and Summons in the Circuit Court of the Third Circuit, State of Hawai`i, Civil No. 3CCV-20-0000218 ("Complaint"). A true and correct copy of the Complaint is attached to this Notice of Removal as Exhibit "A." The Complaint appears to allege that the named defendants negligently failed to safely maintain the premises of a retail drug store, and seeks special and general damages.

CT Corporation accepted service of the Complaint on behalf of Defendants on August 27, 2020. A true and correct copy of the Service of Process Transmittal is attached to this Notice of Removal as Exhibit "B."

---

[1] Longs Drug Stores, L.L.C. is incorrectly named in the Complaint as "Longs Drugs." As discussed below, CVS Pharmacy, Inc. is the sole member of Longs Drug Stores, L.L.C., which is the sole member of Defendant Longs Drug Stores California, L.L.C. CVS Pharmacy, Inc. is incorrectly named in the Complaint as "CVS Pharmacy." This Defendant has not been served with the Complaint as of the date of this filing.

This Notice of Removal is timely in that it is filed within 30 days of service of the Complaint by which Defendants first received notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. § 1446(b).

Removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction over this action.

The Court's jurisdiction arises under 28 U.S.C. § 1332 because the named parties are citizens of different States and Defendants are not citizens of the state in which the action has been filed; and the amount in controversy exceeds the sum or value of $75,000.

## II. GROUNDS FOR REMOVAL

### A. THE PROPER DEFENDANTS CONSENT TO REMOVAL

Plaintiff has named the incorrect entities. In his Complaint, Plaintiff has named "LONGS DRUGS," "LONGS DRUG STORES CALIFORNIA, L.L.C.," and "CVS PHARMACY." Although "Longs Drug Stores California, L.L.C." is an appropriately identified party, "Longs Drugs" and "CVS Pharmacy" are not correctly named, in the Complaint.

"CVS Pharmacy, Inc." is the sole member of "Longs Drug Stores, L.L.C," which is the sole member of Defendant "Longs Drug Stores California, L.L.C." *See* Declaration of Melanie K. Luker ("Luker Decl.") at ¶ 2. It appears that Plaintiff intended to name "CVS Pharmacy, Inc." and "Longs Drug Stores, L.L.C.," but instead named "CVS Pharmacy" and "Longs Drugs." Both CVS

Pharmacy, Inc. and Longs Drug Stores, L.L.C., although not properly named, consent to removal. *See id.* at ¶ 1. Accordingly, the proper defendants consent to the removal of the action.

### B. THE PARTIES ARE DIVERSE

Upon information and belief, Plaintiff is a resident of the County of Hawai`i, State of Hawai`i.

Defendant Longs Drug Stores California, L.L.C. is a California limited liability company with its principal place of business in Rhode Island. *See* Luker Decl. at ¶ 2.

The sole member of Defendant Longs Drug Stores California, L.L.C. is Longs Drug Stores, L.L.C., a Maryland limited liability company with its principal place of business and company headquarters in Rhode Island. *Id.* Longs Drug Stores, L.L.C. has a sole member, CVS Pharmacy, Inc., a Rhode Island corporation with its principal place of business and corporate headquarters in Rhode Island. *Id.*

Taking full account of the rules for determining the citizenship of corporate entities as set forth *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), Defendants are not Hawai`i citizens. None of the proper defendants are incorporated in Hawai`i, or have a principal place of business in Hawai`i.

### C. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if a court finds, by a preponderance of the evidence, that the

amount in controversy exceeds $75,000.  A removing Defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

To ascertain the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages, and attorneys' fees.  *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995).  In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

The Complaint does not specify the damages sought.  Plaintiff alleges, however, that he has suffered permanent bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of enjoyment of life, hospital, medical and nursing care expenses, treatment, and loss of earnings.  Exhibit "A," Complaint at ¶4. Based on Plaintiff's allegations, and upon information and belief following Defendants' counsel's discussion with Plaintiff's counsel on

September 11, 2020, the amount in controversy exceeds $75,000, from Plaintiff's perspective.  *See* Declaration of John-Anderson L. Meyer at ¶ 7.

Defendants have satisfied the requirement of demonstrating both complete diversity and a sufficient amount in controversy.  Therefore, removal is proper.

By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available to it under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### III.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other orders served upon Defendants are attached hereto as Exhibits "A" and "B."[2]

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed.

Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Third Circuit of Hawai`i.

---

[2] The only Defendants served to date are "Longs Drugs" and "Longs Drug Stores California, L.L.C."

WHEREFORE, Defendants submit this matter to this Court's jurisdiction and request that the action proceed in the United States District Court for the District of Hawai`i as an action properly removed thereto.

DATED: Honolulu, Hawai`i, September 18, 2020.

/s/ John-Anderson L. Meyer
JOHN-ANDERSON L. MEYER
DANIEL J. CHENG
Attorneys for Defendants
LONGS DRUGS and LONGS DRUG STORES CALIFORNIA, L.L.C.