ARNOLD THIELENS PHILLIPS II #6640
1188 Bishop Street, Ste. 2907
Honolulu, Hawaii 96813
Telephone/Facsimile: (888) 467-0555
Mobile (808) 781-1414
ATP@atphillips.com
*Attorney for Plaintiff Steve D. Mozingo*

**Electronically Filed**
**THIRD CIRCUIT**
**3CCV-20-0000218**
**29-MAY-2020**
**01:14 PM**

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| STEVE D. MOZINGO,<br><br>                    Plaintiff<br><br>vs.<br><br>LONGS DRUGS, LONGS DRUG STORES CALIFORNIA, L.L.C., CVS PHARMACY, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50,<br><br>                    Defendants. | Civil Case No.<br>(Premises Liability)<br><br><br>**COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ANSWERS TO INTERROGATORIES, DEMAND FOR JURY, SUMMONS** |

### **COMPLAINT**

Plaintiff STEVE D. MOZINGO ("Plaintiff"), comes now before this Honorable Court, by and through its counsel, Arnold T. Phillips II, and for a cause of action against the above-named defendants, and avers and alleges as follows:

1

# EXHIBIT A

1.     At all times relevant, Defendant LONGS DRUGS, LONGS DRUG STORES CALIFORNIA, L.L.C. and CVS PHARMACY owned, controlled and operated a retail drug store at 15-1454 Kahakai Blvd., Pahoa, Hawaii 96783 ("Premises"),

2.     Defendants JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1- 50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50 ("DOES 1-50 ") are persons, partnerships, corporations, entities, or governmental units whose names and identities are presently unknown to Plaintiff and who may claim some right, title or interest in the Property. As a precaution, Plaintiff has included DOES 1-50 in this action as entities who, for reasons as yet unknown, were not identified in the litigation guarantee or otherwise made known to Plaintiff.   DOES   1-50 may claim ownership of lien rights in the Property being foreclosed upon or may, in some manner presently unknown to Plaintiff, claim some other interest in the Property being foreclosed upon. DOES 1-50 may be liable to Plaintiff because of said ownership, lien rights, or interests.

3.     On or about January 3, 2020 Defendant LONGS DRUGS, LONGS DRUG STORES CALIFORNIA, L.L.C., CVS PHARMACY allowed a shipping pallet to remain on the premises floor in the area of the store which was open to the public creating a dangerous condition which it knew, or, in the exercise of reasonable care should have known, of the condition, or Defendant created the condition either through the acts of its employees, in its negligent maintenance of equipment, or in its negligent method of operation, and Defendant should have corrected the condition or warned Plaintiff of its existence.

4. As a result of the negligence of the Defendant LONGS DRUGS, LONGS DRUG STORES CALIFORNIA, L.L.C , CVS PHARMACY Plaintiff suffered permanent bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for

2

the enjoyment of life, expense of hospitalization, medical and nursing care, treatment, and loss of earnings of loss of ability to earn money. As the injuries are permanent, Plaintiff will continue to suffer losses in the future.

WHEREFORE, the Plaintiff, STEVE D. MOZINGO, demand judgment for actual and special compensatory damages against the Defendant, LONGS DRUGS, LONGS DRUG STORES CALIFORNIA, L.L.C , CVS PHARMACY pre and post judgment interest, and further demands a trial by jury of all issues so triable.

Dated: Honolulu, Hawaii, May 29, 2020

/s/ Arnold T. Phillips II

ARNOLD THIELENS PHILLIPS II
*Attorney for STEVE D. MOZINGO*

ARNOLD THIELENS PHILLIPS II #6640
1188 Bishop Street, Ste. 2907
Honolulu, Hawaii 96813
Telephone/Facsimile: (888) 467-0555
Mobile (808) 781-1414
ATP@atphillips.com
*Attorney for Plaintiff Steve D. Mozingo*

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| STEVE D. MOZINGO,<br><br>    Plaintiff<br><br>vs.<br><br>LONGS DRUGS, LONGS DRUG STORES CALIFORNIA, L.L.C., CVS PHARMACY, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50,<br><br>    Defendants. | Civil Case No.<br>(Premises Liability)<br><br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ANSWERS TO INTERROGATORIES** |

## PLAINTIFF'S FIRST REQUEST FOR PROUDCTION OF DOCUMENTS AND REQUEST FOR ANSWERS TO INTERROGATORIES

Plaintiff requests that Defendants - LONGS DRUGS, LONGS DRUG STORES CALIFORNIA, L.L.C., CVS PHARMACY - answer separately and fully in writing and under oath, pursuant to Rule 33, 34, and 36 of the Hawaii Rules of Civil Procedure, the interrogatories and requests for production of documents which are being served with a copy of this request.

PLEASE TAKE NOTICE that two copies of the answers to the discovery requests

1

must be served upon the undersigned within thirty (30) days after the service thereof.

These discovery requests shall be deemed continuing, pursuant to Rule 26(e) of the Hawaii Rules of Civil Procedure, to require supplemental answers if you obtain or recall further information between the time the answers are served and the time of trial. Answers may be inserted in the spaces provided in the interrogatories. If additional space is required in answering any interrogatory, please complete your answer on additional sheets bearing the same number of the discovery requests which you are responding to in that communication.

Should you or your counsel or anyone representing your interests learn of any additional person or persons having knowledge relating to matters inquired into after answering the interrogatories and before trial, it is requested that you furnish the names of the persons to the undersigned, giving timely notice thereof, allowing Plaintiff to make her discovery.

Please be advised that failure to answer will be grounds for a motion to compel answers to these discovery requests, pursuant to the provisions of Rule 37 of the Hawaii Rules of Civil Procedure.

PLEASE NOTE that it is the specific direction of this discovery request that if a request for admission cannot be admitted that it shall be considered to be converted to an interrogatory and that the answering party be required to state the reason(s) why it cannot admit the statement.

DEFINITIONS

1.    "You" and "your" means LONGS DRUGS, LONGS DRUG STORES

2

CALIFORNIA, L.L.C., CVS PHARMACY and/or all other persons or entities acting or purporting to act on your behalf, including, without limitation, your investigator(s), insurance adjuster(s), present and former employees, and/or agent(s), contractor(s), and advisor(s) and their agents, employees and consultants.

2.  "Person" includes, without limitation, any natural person, firm, company, partnership, association, joint venture, sole proprietorship, organization, business trust, corporation, or any other group combination acting as a unit or other form of legal, business, non-profit, or governmental entity.

3.  "Document" or "Writing" means and includes the original and any copy, regardless of origin or location, of any printed, typed, written, graphic or recorded materials or tangible thing of every kind, however produced or reproduced, in your possession, custody or control, and includes but is not limited to, any letters, correspondence, memoranda, telegrams, telexes, other communications, regulations, guidelines, directives, laws, statutes, ordinances (including all drafts of regulations, guidelines, directives, laws, statutes, ordinances), agreements, contracts, offers, proposals, prospectuses, ballots, tariffs, statements, bills, air bills, consignments notes, purchase orders, invoices, summaries, outlines, estimates, budgets, projections, cost analysis, damage calculations, bulletins, books, periodicals, newsletters, articles, brochures, advertisements, reports, logs, agenda, minutes, studies, charts, maps, drawings, schedules, plans, blueprints, sketches, schematics, models, surveys, printouts, cards, diaries, calendars, desk calendars, appointment books, photographs, slides, films (including negatives of photographs, slides and negatives), notes, drafts, worksheets, transcript, recording (mechanical, electrical typed or written including digital or

3

computer records), email or any instrument or device which contains any information or from which any information can be derived or retrieved.

4. "Lawsuit" means STEVE D. MOZINGO, Plaintiff vs. LONGS DRUGS, LONGS DRUG STORES CALIFORNIA, L.L.C., CVS PHARMACY, JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, Defendants JOHN 1-10; JANE DOES 1-10;DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,  Defendants pending in the First Circuit  Court of the State of Hawaii,

5.   "Occurrence" as used herein means the personal injury involving the fall of the Plaintiff as  he was shopping in the Pahoa store on January 3, 2020

6. "Identify," "Identity" or "Identification" when used with respect to a person or persons means to state:

a. His or her name;

b. His or her last known address; and

c. His or her employer and the employers address.

7. "Identify" "Identity" or "Identification" when used with respect to a part of the Waikiki Grand Hotel building means to name the room by room number or full title.

8. "Identify" "Identity" or "Identification" when used with respect to a document or documents means to state:

a. The identity of person who signed it or under whose name the document(s) was issued;

b. The identity of the addressee (and, if different, the identity of the recipient or recipients);

c. The nature and substance of the document with sufficient particularities to enable the same to be identified for purposes of production;

d. The date of the document(s);

e. The number of pages of the document(s)

f. The identity of each person who has custody of the document(s) or any copies thereof;

g. Whether the document is complete;

h. If no longer complete, in what respects it is incomplete or altered and the reasons therefore;

i. If any such document is no longer existence. The disposition which was made of it, the date and the reasons for the disposition, and the identity of the person or persons who ordered and/or supervised such disposition. If any document responsive to an interrogatory has been produced by any party or non-party to this litigation, you may identify such production number that it bears rather than in the manner stated above.

9. "Identify," "identity" or "identification" when used with respect to an oral statement means to state:

a. The date and place thereof;

b. The identity of each person who participated in or heard any part of the oral statement; and

5

c. The identity of the custodian of any document recorded, summarized or concerned the oral statement. If you claim privilege against producing any document and/or thing, please submit a list describing such documents and/or things, including their originator, the persons to whom they were directed or copies, their date and who had seen them, and the reasons why you will not produce them.

10. You are requested to admit the matters set forth herein. If any matter cannot be admitted, then it shall be specifically denied or you are requested to set forth in detail why you cannot truthfully admit or deny the matter. A denial must fairly meet the substance of the requested admission, and when good faith requires that you admit or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure or admit or deny unless that party state that the party has made reasonable inquiries and that the information known or readily obtainable by that party is insufficient to enable him to admit or deny.

11. You may attach any item in response to an interrogatory identified as such as part of the response to that interrogatory.

DATED: Honolulu, Hawaii May 28, 2020

_____
Arnold T. Phillips II #6604
Attorney for Plaintiff

6

## REQUEST FOR ANSWERS TO INTERROGATORIES

1.      Please state your full name, your present home address, your employer's name and business address, and the title you hold with the named defendant, or the capacity in which you are associated with said defendant.


Answer:



2.      State the names and addresses of all persons known to you or to your insurance company or attorney who witnessed any part of the incident, or have knowledge of the events leading up to said incident, and give a brief description of all witnesses whose names or addresses are not known.


Answer:




3.      Were any statements concerning the incident made to any police officer, private investigator, insurance company agent or adjuster, or anyone else? If so, state:

a)      The name, address and employer of the person to whom the statement was made;

b)      The date of each statement;

c)      Whether the statement was oral or written, and if oral, whether it was recorded;

7

d)      The name and address of the custodian(s) of each statement.

Answer:

4.      Describe any photographs, movies, videotapes, diagrams or drawings taken or made by you or on your behalf of the scene, if any, the plaintiff, witnesses, other metal container storage units, any non-storage use for metal container storage unit, or anything related to the events alleged in the Complaint.

Answer:

5.      Other than this incident, has any person reported slipping and/or tripping and/or falling in the area where this incident occurred during the five-year period prior to the date of this incident and/or during the two-year period subsequent to the date of this incident? If so, as to each such reported slip and/or trip and/or fall incident, please provide the following information:

a)      The date of each such incident;

b)      A brief description of each such incident, including the type of surface on which the person involved in each such incident slipped and/or tripped and/or fell;

c)      A brief description of the injuries suffered by any person involved in each such incident;

d)      Whether any of the incidents referred to above resulted in a claim and/or lawsuit, and if so,

8

the name of each claimant, date of the filing of each such claim and/or lawsuit, the civil number, if any, and a summary of the disposition of each such claim or lawsuit.

Answer:

6. During the five-year period before this incident, did you receive any reports and/or complaints with regard to a condition of the floors and/or walking surfaces in the area where this incident occurred? If so, please state:

a) The date of such complaint and/or report;

b) Whether or not you have or maintained any documentary material of any kind or natltre relating or refe1Ting to such complaints and/or reports;

c) What action, if any, was taken by you with respect to such complaint and/or report.

Answer:

7. On the date of this incident, did you have a system or routine of any kind whereby the floors and/or stairs and/or carpeting and/or walking surfaces or use of the storage container being used as additional space for thrift store activities or of the area where this incident occurred were inspected and/or maintained? If so, please state:

a) A general description of such system or routine;

b) The name, address, and particular duties of each person directly involved in such system or

9

routine of inspection and/or maintenance in the general area where this incident occurred as of the date of this incident;

c)      The name, title, address and particular duties of each person responsible for the general supervision of the operation of such system or routine as of the date of this incident;

d)      The date on which such system or routine went into effect;

e)      Whether or not such system is presently in effect.

Answer:

8.      As of the date of this incident, did the named defendant hire any other individual or entity to assist with maintenance, security or care of the area where this incident occurred? If so, please state:

a)      The name and address of each individual or entity;

b)      Describe generally the functions and/or duties of each individual or entity;

c)      Whether any agreement existed between the named defendant and any individual or entity, and if so, state the terms of any such agreement. (If in writing, in lieu of stating all terms, you may produce a copy of the agreement.)

Answer:

9.      After this incident, was the floor and/or walking area and/or floor covering over the area where this incident occurred repaired and/or replaced and/or altered in any manner? If so, please

10

state:

a)     A description of the nature of each repair and/or replacement and/or alteration;

b)     The name, title and address of each person, department, company and/or agency who repaired and/or altered such floor and/or walking area and/or floor covering over the area where this incident occurred;

c)     The reason for such repair and/or alteration;

d)     Whether or not such action was taken as a result of or following a complaint and/or other notification.

Answer:

10.    On the date of this incident was there any inspection made of the area where this incident occurred prior to the time of this incident? If so, please state:

a)     The name, address, occupation and employer of each person making each such inspection;

b)     The date and time each such inspection was made;

c)     Whether there is a written log or other documentation referencing each such inspection;

d)     The name, address, occupation and employer of the person having present custody of any written log or other documents referencing each such inspection.

Answer:

11

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Hawai'i Rules of Civil Procedure, Plaintiff requests that Defendant(s) produce and permit the inspection and/or copying of the documents and/or things specified below.

As used in this request for production of documents and things, the term "documents" includes statements, writings and recordings of every kind (mechanical, electronic, typed or written), including, but not limited to, letters, correspondence, maps, diagrams, photographs, motion pictures, memoranda, notes, reports and transcriptions in the possession at: subject to the control of, or within the knowledge of Defendant(s) or counsel for Defendant(s):, or any consultants or experts retained by Defendant(s) or counsel for Defendant(s).

If you decline to produce any of the requested documents or things on the ground of privilege, please provide a descriptive list of each such document or thing and state  the grounds for your refusal to produce each such document or thing.

### DOCUMENTS OR THINGS TO BE PRODUCED

1.      Copies of any statements made by Plaintiff, any defendant(s), and any witness.

2.      Copies of any photographs, videotapes or motion pictures taken regarding this case.

3.      Copies of any report of slip(s) and/or trip(s) and/or fall(s) in the area where this incident occurred for the five-year prior to the date of this incident and during the two-year period subsequent to the date of this incident, as referred to in Plaintiffs interrogatories to Defendant(s),

4.      Copies of any report or complaint made with regard to a condition of the floors and/or walking surfaces, or the gate and fence in the area where this incident occurred, as referred to in Plaintiffs interrogatories to Defendant(s), interrogatory No. 6.

12

5.     Copies of any documents describing or referring to the system or routine of inspecting and/or maintaining the floors and/or stairs and/or carpeting and/or walking surfaces of the area and /or gate and fence system where this incident occurred in effect as of the date of this incident referred to in Plaintiff's integratory to Defendant(s), Interrogatory No. 7.

6.     Copies of any agreement between the named defendant(s) and any individual or entity hired to assist with the maintenance or care of the area where this incident occurred in effect as of the date of this incident, as referred to in Plaintiffs interrogatories to Defendant(s), Interrogatory No

7.     Copies of any document referring to or describing any repairs, replacement, or alterations to the floor and/or walking area and/or floor covering and/or fence and gate system of the area where this incident occurred which were performed after this incident.

8.     Copies of any documents which refer to any inspection made of the area where this incident occurred on the date of this incident, prior to the time the incident occurred, as referred to in Plaintiff's interrogatories to Defendant, Interrogatoly No. 10.

DATED: Honolulu, Hawai'i,  May 28, 2020

_____
  Attorney for Plaintiff

13

ARNOLD THIELENS PHILLIPS II #6640
1188 Bishop Street, Ste. 2907
Honolulu, Hawaii 96813
Telephone/Facsimile: (808) 781-1414
*Attorney for Plaintiff Steve D. Mozingo*

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| STEVE D. MOZINGO,<br><br>               Plaintiff<br><br>vs.<br><br>LONGS DRUGS, LONGS DRUG STORES CALIFORNIA, L.L.C., CVS PHARMACY, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50,<br><br>               Defendants. | Civil Case No.<br>(Premises Liability)<br><br><br>**JURY DEMAND** |

## JURY DEMAND

Come now Plaintiff, STEVE D. MOZINGO, by and through his attorney, ARNOLD T. PHILLIPS II, and filed this demand for a jury trial to decide the issues in this case according to his rights under the constitutions of the State of Hawaii and the United States of America.

DATED: Honolulu, HI May 28, 2020

Arnold T. Phillips II #6604
Attorney for Plaintiff

1

| STATE OF HAWAI'I CIRCUIT COURT OF THE THIRD CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| PLAINTIFF                                   VS. | DEFENDANT(S) | |
| STEVE D. MOZINGO | LONGS DRUGS, LONGS DEUG STORES, LLC, CVS PHARMACY JOHN DOES 1-50. JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50, and DOE GOVERNMENTAL UNITS 1-50 | |

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

STEVE D. MOZINGO, C/O ARNOLD T. PHILLIPS II, 1188 BISHOP STREET, STE. 2907, HONOLULU, HI 96813

808-781-1414

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

STEVE D. MOZINGO, C/O ARNOLD T. PHILLIPS II, 1188 BISHOP STREET, STE. 2907, HONOLULU, HI 96813

_____ ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | Effective Date of 28-Oct-2019 Signed by: /s/ Cheryl Salmo Clerk, 3rd Circuit, State of Hawai'i  |
|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on HAWAII- Phone No. 808-961-7424, TTY 808-961-7422, FAX 808-961-7411, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (3CCT) (10/19)
Summons to Complaint ⒝RG-AC-508 (10/19)